UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO: 2:15-cr-102-SPC-KCD

CORDELL FELIX
                                                    /

**ORDER**[1]

Before the Court is Defendant Cordell Felix's pro se motion titled, "Nunc Pro Tunc: Petition to Dismiss Defective Indictment for Violation of 18 U.S.C. § 922(g)(1) for which Petitioner is Actually Innocent" (Doc. 123), along with the Government's response in opposition (Doc. 125).

Following a bench trial on stipulated facts, the Court sentenced Defendant to 180 months' imprisonment for possessing a firearm as a convicted felon. (Doc. 80). The Eleventh Circuit affirmed his conviction and sentence. (Doc. 113). Since then, Defendant has filed two post-conviction motions for relief under 28 U.S.C. § 2255. (Doc. 115; Doc. 120). The Court denied the first on the merits (Doc. 117) and the second as an uncertified successive motion (Doc. 121). Defendant now tries a third time—though he couches the latest

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

motion as a dismissal of the indictment. But the pending motion fares no better than the others for two reasons.

First, Defendant moves to dismiss the Indictment because it did not state all the essential elements of the charged offense. This argument is a collateral attack on his conviction's legality. To bring such an argument, however, Defendant must file a § 2255 motion. Because Defendant has already filed two such motions, he must ask the Eleventh Circuit for permission to file any more. *See* 28 U.S.C. § 2255(h). Defendant has not done so, leaving the Court without authority to hear his motion.

Second, Defendant relies on Federal Rule of Criminal Procedure 34. But he's too late. Rule 34(b) says, "The defendant must move to arrest judgment within 14 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere." The Court found Defendant guilty seven years ago, rending his Rule 34 request years too late.

Accordingly, it is

**ORDERED:**

Defendant Cordell Felix's pro se motion titled, "Nunc Pro Tunc: Petition to Dismiss Defective Indictment for Violation of 18 U.S.C. § 922(g)(1) for which Petitioner is Actually Innocent" (Doc. 123) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on February 15, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   Counsel of Record
          Defendant