UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:15-cr-102-SPC-KCD

CORDELL FELIX
_____/

## ORDER

Before the Court is Defendant Cordell Felix's *pro se* Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). (Doc. 128). The Government filed a response in opposition. (Doc. 129). For the following reasons, the motion is denied.

In 2016, the Court sentenced Defendant to 180 months' imprisonment after a one-day bench trial to stipulated facts, which occurred on March 16, 2010. (Doc. 52). Defendant was found guilty of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 84).

At his sentencing hearing on October 4, 2016, the Court found that Defendant also had a conviction for armed robbery from Illinois, which constituted a violent felony under the Armed Career Criminal Act. (Doc. 99 at 5–6). The Court also found that Defendant's two prior Lee County convictions for sale of cocaine were separate and temporally distinct. Given Defendant's status as an Armed Career Criminal, the Court sentenced him to the low end

of the advisory guidelines range of 180 months. Defendant is incarcerated at FCI Beckley in Beaver, West Virginia, is 41 years old, and is projected to be released on November 3, 2028. According to Defendant, he has served nine years and eight months. (Doc. 128 at 2).

Defendant asks the Court for compassionate release because he received an "unusually long sentence." (Doc. 128 at 5). He contends that the Court violated his Fifth and Sixth Amendment rights in light of the Supreme Court's ruling in *Erlinger v. United States*, 602 U.S. 821 (2024). (*Id.* at 6).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). One such statute is 18 U.S.C. § 3582(c)(1)(A), which concerns compassionate release. A court may grant compassionate release if (1) "an extraordinary and compelling reason exists," (2) "a sentencing reduction would be consistent with U.S.S.G. § 1B1.13," *and* (3) the "[18 U.S.C.] § 3553(a) factors weigh in favor of compassionate release." *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). "If any one of the necessary findings cannot be made, then compassionate release is not permissible." *Id.* at 1348 (citation omitted).

A defendant seeking compassionate release "bears the burden of proving entitlement to [such] relief." *See United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021). And a defendant moving a court for compassionate

release may do so only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See United States v. Harris*, 989 F.3d 908, 909–10 (11th Cir. 2021).

After considering the parties' briefs, the record, and applicable law, Defendant has shown no extraordinary and compelling reasons to warrant compassionate release. As an initial matter, he states that he did not submit a request for compassionate release to the Warden of his facility. (Doc. 128 at 3). The Government agrees. (Doc. 129 at 5; Doc. 129-2 (BOP correspondence confirming Defendant has not exhausted his administrative remedies)). So Defendant has failed to prove that he met the exhaustion requirement of the compassionate release statute. His motion must be denied on this basis alone.

Further, § 1B1.13(b) permits a reduction of a defendant's sentence based on an unusually long sentence and where a defendant has served at least ten years of the term of imprisonment. U.S.S.G. § 1B1.13(b)(6). According to Defendant, he has not yet served ten years. (Doc. 128 at 2). His motion must be denied on this additional basis.

While the Court could stop here, the undersigned will consider whether Defendant presents a danger to the community and weigh the § 3553(a) factors

3

to preempt a situation where Defendant files the same motion in two months—once he has served ten years of his sentence.

The Court finds that Defendant remains a danger to the community. Defendant's instant offense and criminal history demonstrate as much. His prison disciplinary record also reflects that he fails to obey prison rules by setting a fire, fighting, refusing to obey orders, failing to take drug tests, and lying. (Doc. 129-1 (Defendant's inmate discipline data and chronological disciplinary record)). When combining Defendant's criminal history and the nature of his instant offense, the Court concludes that he remains a danger to the community.

Finally, the § 3553(a) factors weigh against granting compassionate release. In the instant offense, Defendant was walking down a Fort Myers street with a loaded firearm in his waistband. He had previously been convicted of armed robbery and drug dealing offenses. The Court concludes that a reduction of his sentence would undermine the original judgment that took into consideration the § 3553 factors, and specifically the promotion of respect for the law and adequate deterrence. Further, Defendant has disciplinary reprimands from his current time in prison, demonstrating that he is not ready to be released into the community.

Finally, Defendant is currently serving a sentence at the statutory mandatory minimum for Armed Career Criminals. With the law not

permitting a lesser sentence, his sentence remains supported under the § 3553(a) factors. In sum, the Court concludes that granting Defendant compassionate release would not adequately punish him for his conduct, reflect the seriousness of his crime, or deter those considering engaging in similar crimes. Because Defendant has shown no extraordinary and compelling reasons for compassionate release, the Court denies his motion.

Accordingly, it is

**ORDERED**:

Defendant Cordell Felix's pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 128) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on April 22, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record